Cite as: 559 U. S. ____ (2010)    1

STEVENS, J., dissenting

# SUPREME COURT OF THE UNITED STATES

## FLORIDA *v.* THOMAS WILLIAM RIGTERINK

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME
COURT OF FLORIDA

No. 08–1229.   Decided March 1, 2010

The motion of respondent for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated, and the case is remanded to the Supreme Court of Florida for further consideration in light of *Florida* v. *Powell,* 559 U. S. ___ (2010).

JUSTICE STEVENS, dissenting.

In my view, the judgment below rested upon an adequate and independent state ground and the Court therefore lacks jurisdiction over this case. See *Florida* v. *Powell*, 559 U. S. ___, ___ (2010) (slip op., at 1–8) (STEVENS, J., dissenting). Indeed, the independence of the state-law ground in this case is even clearer than in *Powell* because the Florida Supreme Court expressly acknowledged its obligation "'to give independent legal import to every phrase and clause contained'" in the State Constitution, 2 So. 3d 221, 241 (2009) (quoting *Traylor* v. *State*, 596 So. 2d 957, 962 (Fla. 1992)), and stated that "the federal Constitution sets the floor, not the ceiling, and this Court retains the ability to interpret the right against self-incrimination afforded by the Florida Constitution more broadly than that afforded by its federal counterpart," 2 So. 3d, at 241. Because the independence of the state-law ground is "clear from the face of the opinion," *Michigan* v. *Long*, 463 U. S. 1032, 1041 (1983), we do not have power to vacate the judgment of the Florida Supreme Court.

I therefore respectfully dissent.